UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAUL FARROW, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-2109 |
| | ) | |
| VERMILION COUNTY | ) | |
| SHERIFF'S DEPT., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW AND CASE MANAGEMENT ORDER**

Plaintiffs, proceeding *pro se*, and currently detained at Vermilion County Public Safety Building, were granted leave to proceed *in forma pauperis*.   The case is now before the court for a merit review of plaintiffs' claims.  The court is required by 28 U.S.C. § 1915A to "screen" the plaintiffs' complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiffs Paul Farrow and William Morgan allege in their complaint that they are both housed in isolation without access to legal material, eyeglasses, medical treatment, pain medication, legal assistance, phone books, and "all necessities except for clean

clothing[,] showers" and food.  Plaintiffs also allege that, in December 2018, a John Doe Defendant correctional officer sprayed Plaintiff Morgan in the face and genital area with mace, and that the same John Doe officer slammed Plaintiff Farrow's head into an elevator.  Plaintiff Farrow also alleges that members of the Danville Police Department attacked him in March 2015.

As an initial matter, Plaintiffs intend for this lawsuit to be a class action; however, unrepresented plaintiffs are not allowed to act as class representatives. *See Huddleston v. Duckworth*, 97 F.R.D. 512, 514-55 (N.D. Ind. 1983).  Generally speaking, a lawsuit may have multiple *pro se* plaintiffs, but motions and other pleadings filed with the Court must be signed by each Plaintiff.  *See* Fed. R. Civ. P. 11(a).  Plaintiffs cannot act on each other's behalf.  To the extent that Plaintiffs seek to litigate this matter as a class action, the request is denied.

Plaintiffs state a Fourteenth Amendment claim based on the alleged use of unreasonable force in December 2018.  *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).  Because Plaintiffs name only a Doe Defendant, the Court will retain Defendant Hartshorn, the sheriff, as a defendant solely for purposes of identifying the Doe defendant.  *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555-56 (7th Cir. 1996).

Plaintiffs, however, do not state any further claims at this time.  Plaintiff Farrow's claim related to the 2015 use of force is likely time-barred.  *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014) ("Section 1983 suits in Illinois have a two-year statute of limitations.") (citation omitted).  Even if it is not, Plaintiff Farrow describes an incident that occurred several years prior to his present detention, does not involve Plaintiff Morgan, and names different defendants.  Accordingly, the claims belong in a separate lawsuit.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants...or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

2

Plaintiffs also do not allege sufficient information to state a conditions-of-confinement claim based upon the alleged conditions in isolation. Plaintiffs, at the very least, must describe their respective medical conditions, how lack of access to legal assistance has prejudiced an otherwise meritorious claim, what steps they have taken to notify jail officials, and the officials' responses. For these reasons, Plaintiff Farrow's 2015 claim and Plaintiffs' conditions-of-confinement claim will be dismissed without prejudice.

Finally, a third detainee at the jail, Jeremy Marack, filed a Motion to Amend Complaint (Doc. 6), seeking to join this lawsuit as a plaintiff. As discussed above, this matter cannot proceed as a class action. Further, Mr. Marack alleges that he was not detained at the jail until after the December 2018 incident, and, therefore, he could not have been involved. If Mr. Marack desires to pursue the allegations he alleged in his motion, he must do so in a separate lawsuit.

**It is therefore ordered:**

1.	Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiffs state a Fourteenth Amendment claim for the use of unreasonable force against Defendant John Doe "Allen." Defendant Hartshorn shall remain a defendant solely for purposes of identifying the Doe Defendants. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.	This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3.	The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60

days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.     Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

8.     The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.    The clerk is directed to terminate Vermilion County Sheriff's Department, Danville Police Department, Nursing Department, Nurse Jane Doe, John Doe #1, Larry Thompson, and Various Unknowns as defendants.

12.    The clerk is directed to attempt service on Pat Hartshorn pursuant to the standard procedures.

13.    Plaintiffs' motion for counsel [9] is denied, with leave to renew.  Plaintiffs attached exhibits indicating that they made a reasonable effort to obtain counsel on their own, and, therefore, the Court finds that he has satisfied the first prong of the analysis.  *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  Plaintiffs, however, have personal knowledge of the facts, they have been able to adequately convey those facts to the Court, they should be able to obtain relevant documents via the discovery process, and these claims do not appear overly complex at this time.  Therefore, the Court finds that Plaintiffs are capable of representing themselves at this time.

14. Plaintiffs' Motion for Leave to Amend Complaint [6] is denied for the reasons stated above.  Plaintiff's Motion for Status [10] is denied as moot.

Entered this 26th day of June, 2019.

/s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE